### ECHOLS et al. v. ECHOLS et al.

### No. 10178.

Court of Civil Appeals of Texas. Galveston.
June 5, 1936.

W. H. Betts, of Hempstead, for plaintiffs in error.

C. C. Glenn, of Sealy, for defendants in error.

PLEASANTS, Chief Justice.

Defendants in error were plaintiffs in the court below, and plaintiffs in error were the defendants. For convenience and brevity the parties will be hereinafter designated as they were in the trial court.

Plaintiffs brought this suit against the defendants to recover title and possession of a tract of 59⅔ acres of land, described in their petition, and to cancel as a cloud upon their title a deed executed by Stockie Echols, the husband of plaintiff, Willie Echols, and who joined her in the suit, and his brother, defendant Fred Echols, on October 13, 1921, conveying the land in controversy to defendant Ann Echols and her husband, Alfred Echols, now deceased, and a deed of date September 15, 1926, executed by Ann Echols, Stockie Echols, and Fred Echols conveying to the defendant Julia Pryor 9⅔ acres of the land in controversy.

The petition alleges as ground upon which these deeds should be canceled that the property thereby conveyed was the homestead of plaintiffs Willie and Stockie Echols, was purchased and paid for by them from the father and mother of Stockie Echols, Alfred and Ann Echols, and was occupied as plaintiffs' homestead at the time of its reconveyance to their said vendors by the deed of date October 13, 1921, and at the time of the conveyance of the 9⅔ acres to Julia Pryor by the deed before mentioned; that plaintiff Willie Echols refused to join in the deed of reconveyance executed by her husband, and also in the deed to the 9⅔ acres, and such deeds

are therefore void and should be canceled as a cloud upon her title.

Plaintiff Willie Echols by supplemental petition further pleaded, in substance, that she was in no way bound by any agreement to partition the one-half community interest in the 59⅔-acre tract, at one time owned by the deceased, Alfred Echols, and his surviving wife, defendant Ann Echols, nor by the judgment of the district court of Waller county making such partition, which judgment is pleaded by defendants as res adjudicata, because she was. not a party to such agreement, and proceedings.

The substance of defendants' pleadings are thus set out in their brief presented in this court: "To such cause defendants pleaded General Demurrer, Special Exceptions, General Denial, Not Guilty, and Res judicata as to 9⅔ and 24½ acre tracts—Disclaiming as to remainder."

In addition to the pleadings above mentioned, defendants pleaded various statutes of limitation in bar of plaintiffs' suit.

The cause was tried by the court without a jury and judgment rendered in favor of plaintiff. The following conclusions of fact were filed by the court:

"First: The court finds, in this case, that the plaintiffs, Willie Echols and Stockie Echols, were duly and legally married in Waller County, Texas, on the 3rd day of November A.D.1917, and have since that date lived together as husband and wife, and are now so living together; that after living with Alfred Echols and wife Ann Echols, father and mother of the plaintiff, Stockie Echols, on the said Alfred Echols and wife Ann Echols farm for some four or five years, plaintiffs herein, Willie Echols and her husband, Stockie Echols, on the 13th day of October, A.D.1921, purchased (from) the said Alfred Echols and wife Ann Echols (a) farm, comprising 59⅔ acres of land, paying a good and valuable consideration therefor, and at once began, in good faith, making valuable improvements thereon with the then fixed purpose and intention of making the same their rural homestead premises; that in pursuance of such fixed purpose and intention, they builded a dwelling house thereon, built cribs and other out-houses, and repaired all fences inclosing the said 59⅔ acre tract of land.

"Second: The court further finds that the deed of October 13th, A.D.1921, conveying the said 59⅔ acre farm from the said Alfred Echols and wife Ann Echols to the said Stockie Echols and Fred Echols, was duly and legally executed by the said Alfred Echols and wife Ann Echols, and that the said Ann Echols, wife of the said Alfred Echols, acknowledgement thereto was taken separate and apart from her said husband, Alfred Echols, and after the same had been fully explained to her as provided by law by the officiating offcer, who first ascertained the fact that she did not wish to retract it.

"Third: The court finds that the said 59⅔ acre tract of land was fully paid for by plaintiffs herein, Willie Echols and husband, Stockie Echols; and that thereafter, on or about the 8th day of September A.D.1924, plaintiff, Stockie Echols, and the defendant, Fred Echols, sought to make partition and division of the said 59⅔ acres of land between themselves, which fact was wholly unknown to the plaintiff, Willie Echols; that had she known of such proposed partition and division of her said homestead premises, she would not have joined in, or in any manner assented thereto, nor would she have joined in the conveyance thus sought to be made.

"Fourth: The court further finds that on or about the 31st day of October, A.D. 1924, and after the plaintiffs, Willie Echols and husband, Stockie Echols, had made full and final payment of the purchase price of the said 59⅔ acres of land, the plaintiff herein, Stockie Echols, and the defendant, Fred Echols, a brother of plaintiff, Stockie Echols, sought to convey the said 59⅔ acres of land to Alfred Echols and wife, Ann Echols, without consideration, and that the plaintiff herein, Willie Echols, wife of the plaintiff, Stockie Echols, then and there protested against such an attempt to sell her said homestead premises, and then and there refused to join in or sign the said proposed deed of conveyance, or in any manner whatsoever concurring in such proposed conveyance of her rural homestead premises or any part thereof, all of which facts were then well known to both the said Alfred Echols and wife, Ann Echols, and that, therefore, the said Alfred Echols and wife, Ann Echols, had full knowledge and notice, both actual and constructive, of the vice and infirmities inherent in the said proposed deed.

"Fifth: The court further finds that during the year A.D.1926, the said Alfred Echols died, and that thereafter, on or about the 26th day of September, A.D.1926, his wife, said Ann Echols, one of the de-

fendants herein, and her two sons, Fred Echols, another defendant herein, and Stockie Echols, one of the plaintiffs herein, sought to convey a tract of 9⅔ acres out of the said 59⅔ acre tract of land, to Julia Pryor, a sister of the said Fred and Stockie Echols, a daughter of the defendant, Ann Echols, without consideration;· that this plaintiff, Willie Echols, again refused to join in or in any manner concur in the said proposed deed, the said 9⅔ acres of land being a part of her aforesaid rural homestead premises; that such refusal on the part of this plaintiff, Willie Echols, was well known to the said Julia Pryor at the time she accepted such deed to the said 9⅔ acre tract of land, and that, therefore, she well knew of the vice and infirmities inherent in the said deed at the time she accepted the same.

"Sixth: The court further finds that on or about the——day of——A.D.1926, the defendant, Ann Echols, undertook to convey to the defendant, Julia Pryor, a tract of twenty-four and ½ (24½) acres of land out of the said 59⅔ acre tract, and at the time of such attempted conveyance, the said Julia Pryor and her husband, Elie Pryor, both well knew -of the vice and infirmities inherent in all deeds to the said purported sale from the said 59⅔ acre tract of land.

"Seventh: The court further finds that the issue of plaintiff Willie Echols' homestead right under the constitution and laws of Texas, were neither plead nor did such become an issue in cause No. 3605 upon the docket of the Civil District Court of Waller County, Texas, and that, therefore, the said suit and the proceedings therein, are not Res Adjudicata of such issue in this cause.

"Eighth: The court further fiinds that each and every one of the defendants who accepted deeds of conveyance to any part of the said 59⅔ acres of land had full knowledge and notice of the vice. and infirmities inherent in the said deed from the plaintiff, Stockie Echols, and the defendant Fred Echols, to Alfred Echols and wife, Ann Echols, bearing date of· October 31st, A. D. 1924.

"J. L. Manry,
"Judge, District Court, 9th Judicial District of Texas."

In his conclusions of law the court makes the following additional fact findings:

"Sixth: The Court finds that the defendants, Ann Echols, Julia Pryor, and her husband, Elie Pryor, are not entitled to recover herein by reason of their pleas of limitation of two, three and four years, for the reason that they have· not been in actual, open, peaceable, adverse and notorious possession of the said property, using, cultivating and enjoying the fruits thereof as required by law to entitle them, or either of them, to title by limitation.

"Seventh: The court further finds that the plaintiff, Willie Echols, and her husband, Stockie Echols, did make valuable improvements upon the said fifty-nine and ⅔ acres of land, being the land involved in this suit; that such improvements were in good faith, and that in addition to fee-simple title they are entitled to the ten year limitation title thereto."

The brief of defendants presents only three propositions upon which they contend the judgment of the court below should be reversed. These propositions are:

First. "It was error for the trial court to exclude, under a plea of 'Not Guilty', the testimony of witness Ann Echols ˙(for appellants) to show that the deed from said Ann Echols and her husband, Alfred Echols to Fred and Stockie Echols, dated October 13th, 1921, although absolute upon its face, was in fact a mortgage."

Second. "It was error for the trial court to deny defendants below the right to cross-examine plaintiff Willie Echols upon the facts, conditions and circumstances surrounding and concerning the making of the deed, dated October 13th, 1931, from Alfred and Ann Echols to Stockie and Fred Echols, to show that such deed, while absolute upon its face, was in· fact a mortgage upon the homestead of said Alfred Echols and wife, Ann Echols, upon the objection and for the reason that such facts ˙had no connection with the case.' "

Third. "It was error for the trial court to exclude the testimony of defendant, Julia Pryor, offered to show that ˙the deed of October 13th, 1921, from Alfred and ˙Ann . Echols to Stockie and Fred Echols, absolute upon its face, was proposed, intended, and was in fact a mortgage upon the homestead of said Alfred Echols and his wife, Ann Echols."

None of these propositions present any error material to the issues upon which the case was tried in the court below.

The deed mentioned in the three propositions was absolute on its face and was the deed under which plaintiffs claimed title to the 59⅔ acres of land. When the defendants disclaimed title to all this land except the two tracts of 9⅔ and 24½ acres, respectively, conveyed to them under deeds made to them by Stockie Echols and his brother, Fred, and under a judgment of partition in a suit for partition brought by defendants in the district court of Waller county, the question of whether the absolute deed from Alfred and Ann Echols to plaintiffs, Stockie and Willie Echols, was intended as a mortgage ceased to be an issue in the case.

■ The record further shows that defendants did not plead that the original deed, absolute on its face, from Alfred and Ann Echols to plaintiffs, Stockie and Willie Echols, was intended as a mortgage, and there is ample authority to sustain plaintiffs' proposition that, in the absence of such pleading, the defendants are not entitled to introduce evidence tending to show that the deed was not what it purported to be, an absolute deed of conveyance of the title to the land.

The record discloses that the parties to the suit are all negroes. The bonds of matrimony seem to have at times rested very lightly upon Mr. Stockie Echols. In the language of a classical(?) poet, whose writings I have never seen, but I heard quoted many years ago by a very distinguished and learned lawyer in an argument in the district court of De Witt county, my native county:

"He wired in and wired out,
And left them all in doubt
Whether the snake that made the track
Was going South or coming back."

But his status as the lawful husband of plaintiff, Willie Echols, at the time they purchased the land from his father and mother, Alfred and Ann Echols, and established their home thereon, and at all times up to the rendition of the judgment in the court below, is definitely fixed by the fact findings of the trial court which are not complained of by defendants in any assignment or proposition presented in their brief. The cause of his several excursions to the "South" may not be fully explained, but that he did come directly "back" and join his lawful wife in her efforts to protect his and her title and homestead rights in the property in controversy is shown by the undisputed evidence.

■ The evidence further shows that Willie Echols was not a party to the partition suit, pleaded by defendants as res adjudicata of her title and homestead rights in the property.

The trial court in his fact findings not only found against defendants on all their pleas of limitation, but expressly found that plaintiffs had acquired title to the 59⅔ acres of land by their continuous occupation thereof under their original deed from Alfred and Ann Echols for more than ten years prior to the bringing of this suit.

We think, under the findings and all the evidence, the judgment of the trial court accords with the truth and legal justice of the case, and should be affirmed, and it has been so ordered.

Affirmed.